1   JOHN L. SLAFSKY, State Bar No. 195513
    HOLLIS BETH HIRE, State Bar No. 203651
2   MARK S. WARNICK, State Bar No. 226791
    WILSON SONSINI GOODRICH & ROSATI
3   Professional Corporation
    650 Page Mill Road
4   Palo Alto, CA 94304-1050
    Telephone: (650) 493-9300
5   Facsimile:  (650) 493-6811
    jslafsky@wsgr.com
6   hhire@wsgr.com
    mwarnick@wsgr.com
7
    Attorneys for Plaintiff
8   OFFERPAL MEDIA, INC.

9   ERIC W. BENISEK, State Bar No. 209520
    STEPHEN C. STEINBERG, State Bar No. 230656
10  VASQUEZ BENISEK & LINGREN LLP
    3685 Mt. Diablo Blvd., Suite 300
11  Lafayette, CA 94549
    Telephone: (925) 627-4250
12  Facsimile: (925) 403-0900
    ebenisek@vbllaw.com
13  ssteinberg@vbllaw.com

14  Attorneys for Defendant
    KICKFLIP INC.

15

16                  UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18  OFFERPAL MEDIA, INC., a Delaware      )   CASE NO.: 09-CV-01734 MMC
    corporation,                          )
19                                        )
                 Plaintiff,               )   **STIPULATED PROTECTIVE**
20                                        )   **ORDER**
          v.                              )
21                                        )
    KICKFLIP INC., a Delaware corporation, )
22                                        )
                 Defendant.               )
23  _____)

24        1.   PURPOSES AND LIMITATIONS

25        Disclosure and discovery activity in this action are likely to involve production of

26  confidential, proprietary, or private information for which special protection from public

27  disclosure and from use for any purpose other than prosecuting this litigation would be

28  warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

1  following Stipulated Protective Order. The parties acknowledge that this Order does not confer

2  blanket protections on all disclosures or responses to discovery and that the protection it affords

3  extends only to the limited information or items that are entitled under the applicable legal

4  principles to treatment as confidential. The parties further acknowledge, as set forth in Section

5  10, below, that this Stipulated Protective Order creates no entitlement to file confidential

6  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

7  and reflects the standards that will be applied when a party seeks permission from the court to

8  file material under seal.

9      2.    <u>DEFINITIONS</u>

10          2.1    <u>Party</u>: any party to this action, including all of its officers, directors,

11  employees, consultants, retained experts, and outside counsel (and their support staff).

12          2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

13  medium or manner generated, stored, or maintained (including, among other things, testimony,

14  transcripts, or tangible things) that are produced or generated in disclosures or responses to

15  discovery in this matter.

16          2.3    <u>"Confidential" Information or Items</u>: information (regardless of how

17  generated, stored or maintained) or tangible things that qualify for protection under standards

18  developed under F.R.Civ.P. 26(c).

19          2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

20  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

21  nonparty would create a substantial risk of serious injury that could not be avoided by less

22  restrictive means.

23          2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

24  from a Producing Party.

25          2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or

26  Discovery Material in this action.

27          2.7    <u>Designating Party</u>: a Party or non-party that designates information or items

28  that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

-2-

1    Confidential — Attorneys' Eyes Only."

2          2.8    Protected Material: any Disclosure or Discovery Material that is designated

3    as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

4          2.9.    Outside Counsel: attorneys who are not employees of a Party but who are

5    retained to represent or advise a Party in this action.

6          2.10    House Counsel: attorneys who are employees of a Party.

7          2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as

8    their support staffs).

9          2.12    Expert: a person with specialized knowledge or experience in a matter

10   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

11   witness or as a consultant in this action and who is not a past or a current employee of a Party or

12   of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

13   employee of a Party or a competitor of a Party's. This definition includes a professional jury or

14   trial consultant retained in connection with this litigation.

15         2.13    Professional Vendors: persons or entities that provide litigation support

16   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

17   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

18   subcontractors.

19   3.    SCOPE

20   The protections conferred by this Stipulation and Order cover not only Protected Material

21   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

22   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

23   parties or counsel to or in court or in other settings that might reveal Protected Material.

24   4.    DURATION

25   Even after the termination of this litigation, the confidentiality obligations imposed by this

26   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

27   otherwise directs.

28

STIPULATED PROTECTIVE ORDER
CASE NO.: 09-CV-01734 MMC

5.    DESIGNATING PROTECTED MATERIAL

        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

        5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

                (a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after

-4-

1 the inspecting Party has indicated which material it would like copied and produced. During the

2 inspection and before the designation, all of the material made available for inspection shall be

3 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party

4 has identified the documents it wants copied and produced, the Producing Party must determine

5 which documents, or portions thereof, qualify for protection under this Order, then, before

6 producing the specified documents, the Producing Party must affix the appropriate legend

7 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top

8 of each page that contains Protected Material. If only a portion or portions of the material on a

9 page qualifies for protection, the Producing Party also must clearly identify the protected

10 portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

11 portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

12 CONFIDENTIAL – ATTORNEYS' EYES ONLY").

13     (b) for testimony given in deposition or in other pretrial or trial proceedings,

14 that the Party or non-party offering or sponsoring the testimony identify on the record, before the

15 close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

16 any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

17 – ATTORNEYS' EYES ONLY."  The Party or non-party that sponsors, offers, or gives the

18 testimony may also elect to have up to 20 days to identify the specific portions of the testimony as

19 to which protection is sought and to specify the level of protection being asserted

20 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only

21 those portions of the testimony that are appropriately designated for protection within the 20 days

22 shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing

23 Protected Material must be separately bound by the court reporter, who must affix to the top of

24 each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

25 EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or

26 presenting the testimony.

27     (c) for information produced in some form other than documentary, and for

28 any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

-5-

container or containers in which the information or item is stored the legend "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

Confidential – Attorneys' Eyes Only."

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

under this Order for such material. If material is appropriately designated as "Confidential" or

"Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation is disclosed.

6.2   Meet and Confer. A Party that elects to initiate a challenge to a Designating

Party's confidentiality designation must do so in good faith and must begin the process by

conferring directly (in voice to voice dialogue, if possible) with counsel for the Designating Party.

In conferring, the challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to

explain the basis for the chosen designation. A challenging Party may proceed to the next stage of

the challenge process only if it has engaged in this meet and confer process first.

6.3   Judicial Intervention. A Party that elects to press a challenge to a

confidentiality designation after considering the justification offered by the Designating Party may

-6-

1     file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

2     applicable) that identifies the challenged material and sets forth in detail the basis for the

3     challenge. Each such motion must be accompanied by a competent declaration that affirms that the

4     movant has complied with the meet and confer requirements imposed in the preceding paragraph

5     and that sets forth with specificity the justification for the confidentiality designation that was

6     given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any

7     such challenge proceeding shall be on the Designating Party. Until the court rules on the

8     challenge, all parties shall continue to afford the material in question the level of protection to

9     which it is entitled under the Producing Party's designation.

10            7.      ACCESS TO AND USE OF PROTECTED MATERIAL

11               7.1     Basic Principles. A Receiving Party may use Protected Material that is

12     disclosed or produced by another Party or by a non-party in connection with this case only for

13     prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

14     disclosed only to the categories of persons and under the conditions described in this Order. When

15     the litigation has been terminated, a Receiving Party must comply with the provisions of section

16     11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a

17     Receiving Party at a location and in a secure manner that ensures that access is limited to the

18     persons authorized under this Order.

19               7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

20     ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

21     disclose any information or item designated CONFIDENTIAL only to:

22               (a) the Receiving Party's Outside Counsel of record in this action, as well as

23     employees of said Counsel to whom it is reasonably necessary to disclose the information for this

24     litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

25     hereto as Exhibit A;

26               (b) the officers, directors, and employees (including House Counsel) of the

27     Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

28     signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1           (c) Experts (as defined in this Order) of the Receiving Party (1) to whom

2 disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

3 Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph

4 7.4, below, have been followed;

5           (d) the Court and its personnel;

6           (e) court reporters, their staffs, and professional vendors to whom disclosure

7 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

8 Protective Order" (Exhibit A);

9           (f) during their depositions, witnesses in the action (1) to whom disclosure

10 is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

11 Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4,

12 below, have been followed; Pages of transcribed deposition testimony or exhibits to depositions

13 that reveal Protected Material must be separately bound by the court reporter and may not be

14 disclosed to anyone except as permitted under this Stipulated Protective Order.

15           (g) the author or recipient of the document or the original source of the

16 information.

17       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18 ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the

19 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

20 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

21           (a) the Receiving Party's Outside Counsel of record in this action, as well as

22 employees of said Counsel to whom it is reasonably necessary to disclose the information for this

23 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

24 hereto as Exhibit A;

25           (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

26 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

27 Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

28 been followed;

1         (c) the Court and its personnel;

2         (d) court reporters, their staffs, and professional vendors to whom

3 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4 Bound by Protective Order" (Exhibit A); and

5         (e) the author of the document or the original source of the information.

6         7.4    Procedures for Approving Disclosure of "CONFIDENTIAL" and

7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items

8         (a) Unless otherwise ordered by the court or agreed in writing by the

9 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

10 information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

11 – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that

12 (1) sets forth the full name of the Expert and the city and state of his or her primary place of

13 business, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current

14 employer(s), (4) identifies each person or entity from whom the Expert has received compensation

15 for work in his or her areas of expertise or to whom the expert has provided professional services

16 at any time during the preceding five years, and (5) identifies (by name and number of the case

17 and location of court) any litigation in connection with which the Expert has provided any

18 professional services during the preceding five years.

19         (b) Unless otherwise ordered by the court or agreed in writing by the

20 Designating Party, a Party that seeks to disclose to a non-party witness during deposition any

21 information or item that has been designated "CONFIDENTIAL" first must make a written

22 request to the Designating Party that (1) identifies generally the information sought to be

23 disclosed, (2) sets forth the full name of the witness and the city and state of his or her primary

24 place of business, (3) identifies the witness' current employer(s).

25         (c) A Party that makes a request and provides the information specified in

26 the preceding paragraphs (a) and (b) may disclose the subject Protected Material to the identified

27 Expert or witness unless, within seven court days of delivering the request, the Party receives a

28 written objection from the Designating Party. Any such objection must set forth in detail the

STIPULATED PROTECTIVE ORDER
CASE NO.: 09-CV-01734 MMC

1    grounds on which it is based.

2            (d) A Party that receives a timely written objection must meet and confer

3    with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

4    agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

5    file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

6    applicable) seeking permission from the court to do so. Any such motion must describe the

7    circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert

8    or witness is reasonably necessary, assess the risk of harm that the disclosure would entail and

9    suggest any additional means that might be used to reduce that risk. In addition, any such motion

10   must be accompanied by a competent declaration in which the movant describes the parties'

11   efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

12   discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

13   the disclosure. In any such proceeding the Party opposing disclosure to the Expert or witness shall

14   bear the burden of proving that the risk of harm that the disclosure would entail (under the

15   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

16   the Expert or witness.

17       8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

18   OTHER LITIGATION.

19       If a Receiving Party is served with a subpoena or an order issued in other litigation that

20   would compel disclosure of any information or items designated in this action as

21   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

22   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

23   and in no event more than three court days after receiving the subpoena or order. Such notification

24   must include a copy of the subpoena or court order. The Receiving Party also must immediately

25   inform in writing the Party who caused the subpoena or order to issue in the other litigation that

26   some or all the material covered by the subpoena or order is the subject of this Protective Order. In

27   addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to

28   the Party in the other action that caused the subpoena or order to issue. The purpose of imposing

-10-

1    these duties is to alert the interested parties to the existence of this Protective Order and to afford

2    the Designating Party in this case an opportunity to try to protect its confidentiality interests in the

3    court from which the subpoena or order issued. The Designating Party shall bear the burdens and

4    the expenses of seeking protection in that court of its confidential material – and nothing in these

5    provisions should be construed as authorizing or encouraging a Receiving Party in this action to

6    disobey a lawful directive from another court.

7         9.    UNAUTHORIZED OR INADVERTENT DISCLOSURE OF PROTECTED

8    MATERIAL

9         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10    Material to any person or in any circumstance not authorized under this Stipulated Protective

11    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

12    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

13    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

14    this Order, and (d) request such person or persons to execute the "Acknowledgment and

15    Agreement to Be Bound" that is attached hereto as Exhibit A.

16         Acceptance by a party or its attorney of information disclosed under designation as

17    protected shall not constitute an admission that the information is, in fact, entitled to protection.

18    Inadvertent disclosure of information which the disclosing party intended to designate as

19    protected shall not constitute waiver of any right to claim the information as protected upon

20    discovery of the error.  The inadvertent production of any privileged material shall not be

21    deemed a waiver or impairment of any claim of privilege with respect to that material, including,

22    but not limited to, the attorney-client privilege and/or work-product doctrine.  Any party or its

23    counsel recognizing that he/she/it has obtained material containing in whole or in part

24    information protected by the attorney-client privilege and/or work-product doctrine that appears

25    to have been inadvertently disclosed shall not read or review the privileged material but shall

26    immediately return the material to the producing party.  Within ten (10) business days of

27    receiving written notice from a person or party who represents that he/she/it has inadvertently

28    produced any privileged material, the recipient(s) of such request shall return the original and all

STIPULATED PROTECTIVE ORDER
CASE NO.: 09-CV-01734 MMC

1  copies of such inadvertently produced privileged material within his/her/its possession, custody,

2  or control.

3      10.    FILING PROTECTED MATERIAL.

4      Without written permission from the Designating Party or a court order secured after

5  appropriate notice to all interested persons, a Party may not file in the public record in this action

6  any Protected Material. A Party that seeks to file under seal any Protected Material must comply

7  with Civil Local Rule 79-5.

8      11.    FINAL DISPOSITION.

9      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

10 after the final termination of this action, each Receiving Party must return all Protected Material

11 to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

12 abstracts, compilations, summaries or any other form of reproducing or capturing any of the

13 Protected Material. With permission in writing from the Designating Party, the Receiving Party

14 may destroy some or all of the Protected Material instead of returning it. Whether the Protected

15 Material is returned or destroyed, the Receiving Party must submit a written certification to the

16 Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

17 deadline that identifies (by category, where appropriate) all the Protected Material that was

18 returned or destroyed and that affirms that the Receiving Party has not retained any copies,

19 abstracts, compilations, summaries or other forms of reproducing or capturing any of the

20 Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

21 copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

22 work product, even if such materials contain Protected Material. Any such archival copies that

23 contain or constitute Protected Material remain subject to this Protective Order as set forth in

24 Section 4 (DURATION), above.

25     12.    MISCELLANEOUS

26     12.1   Right to Further Relief. Nothing in this Order abridges the right of any

27 person to seek its modification by the Court in the future.

28     12.2   Right to Assert Other Objections. By stipulating to the entry of this

-12-

1  Protective Order no Party waives any right it otherwise would have to object to disclosing or

2  producing any information or item on any ground not addressed in this Stipulated Protective

3  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

4  the material covered by this Protective Order.

5  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6

7  Dated:  September 3, 2009                         WILSON SONSINI GOODRICH & ROSATI
                                                     Professional Corporation
8

9                                                    By:  /s/
                                                          John L. Slafsky
10                                                        Hollis Beth Hire
                                                          Mark S. Warnick
11
                                                     Attorneys for Plaintiff
12                                                   Offerpal Media, Inc

13  Dated:  September 3, 2009                         VASQUEZ BENISEK & LINDGREN LLP

14

15                                                   By:  /s/
                                                          Eric W. Benisek
16                                                        Stephen C. Steinberg

17                                                   Attorneys for Defendant
                                                     Kickflip, Inc.
18

19  PURSUANT TO STIPULATION, IT IS SO ORDERED.

20  DATED:  September 9, 2009

21                                                   The Honorable Maxine M. Chesney
                                                     United States District Judge
22

23

24

25

26

27

28

-13-